UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUTRIDE SAFIER LLP, | No. C-13-1062 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER; AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| MICHAEL REESE, *et al.*, | |
| Defendants. | **(Docket Nos. 4, 12)** |
| _____/ | |

Plaintiff Gutride Safier LLP, a law firm, has filed suit against one of its former partners, Michael Reese, as well as the law firm where Mr. Reese currently practices, Reese Richman LLP (collectively "Defendants"). In essence, Gutride Safier alleges that Defendants have failed to comply with the terms of an agreement which governs the withdrawal of Mr. Reese from Gutride Safier. Currently pending before the Court is Defendants' motion to transfer venue and Gutride Safier's motion for a preliminary injunction. A hearing was held on both motions on May 30, 2013. This order memorializes the Court's rulings at the hearing and provides additional analysis, where necessary.

Defendants' motion to transfer venue is **DENIED**. As a preliminary matter, it is not clear that the Central District of California is a forum where the case could have been brought in the first place. However, even assuming that the case could have been brought in the Central District, Defendants have failed to show that transfer is warranted under 28 U.S.C. § 1404(a). *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (noting that "[t]he defendant must make a *strong showing of inconvenience* to warrant upsetting the plaintiff's choice

of forum") (emphasis added). First, the parties' Withdrawal Agreement included a provision in which the parties agreed "TO THE EXCLUSIVE VENUE AND JURISDICTION OF EITHER FEDERAL OR STATE COURT LOCATED WITHIN SAN FRANCISCO." Compl., Ex. A (Withdrawal Agreement ¶ VI(D)). Second, although there may be some witnesses who reside in the Central District, the critical witnesses in this case will be the parties to the Withdrawal Agreement, none of whom reside in the Central District. Third, Defendants have failed to show that the Central District court's familiarity with the *Ticketmaster* litigation will put it in a markedly better position (compare to this Court) to evaluate the validity of the Withdrawal Agreement which is at issue in this case. Finally, Defendants fail to take into account that this lawsuit encompasses more than just the *Ticketmaster* litigation which is based in the Central District.

As for Gutride Safier's motion for a preliminary injunction, it is also **DENIED**. Gutride Safier has failed to make an adequate showing that the issue is ripe for the Court's review. And without a more concrete sense of what action Defendants may or may not take, it is difficult for the Court to assess the alleged irreparable injury. The denial of the motion, however, is without prejudice. Should Defendants take more concrete action that Gutride Safier believes in good faith constitutes a breach or anticipatory breach of the Withdrawal Agreement, Gutride Safier may, *e.g.*, move for a temporary restraining order or for a preliminary injunction.

This order disposes of Docket Nos. 4 and 12.

IT IS SO ORDERED.

Dated: June 7, 2013

_____
EDWARD M. CHEN
United States District Judge